Robert E.L. Bonaparte, OSB #883411
BONAPARTE & BONAPARTE, LLP
620 SW Main Street, No. 310
Portland, OR 97205
Tel: 503-242-0005
Email: bob@bb-law.net

Randall Vogt, OSB No. 773813
VOGT & LONG PC
1314 NW Irving Street, Suite 207
Portland, OR 97209
Tel: 503-228-9858
Email: randy@vogtlong.com

*Attorneys for Defendant H.D.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY; FIRST NATIONAL INSURANCE COMPANY OF AMERICA; and AMERICAN FIRE AND CASUALTY COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>SEGO CONTRACTORS, INC.; MICHAEL SEGOVIANO aka MIGUEL SEGOVIANO; KAROMA PROPERTIES, LLC; SERVICE EXPRESS GROUP OREGON, INC.; SEGOVIANO LEASING, INC.; SEGO REAL ESTATE GROUP, LLC; and "H.D.,"<br><br>Defendants. | Case No.: 6:21-cv-00016-MC<br><br>**DEFENDANT H.D.'S MOTION TO DISMISS UNDER RULE 8**<br><br>**ORAL ARGUMENT REQUESTED** |

///

///

///

Page 1 – DEFENDANT H.D.'S MOTION TO DISMISS UNDER RULE 8

## LOC. R. 7-1(a) CERTIFICATION

Counsel for defendant H.D. certifies that he has conferred in good faith with counsel for plaintiffs in an effort to resolve the dispute raised by this motion without success.

## MOTION TO DISMISS UNDER RULE 8

Defendant H.D., an individual who has alleged a variety of claims, including but not limited to sex abuse, respectfully moves this court for an order pursuant to Fed. R. Civ. P. 8, granting dismissal of plaintiffs' complaint.

## LEGAL STANDARD

Rule 8 requires a pleading that sets forth a claim for relief to contain a short and plain statement of the claim showing that the plaintiff is entitled to relief.

## INTRODUCTION

Plaintiffs' complaint contains 76 pages of allegations. The complaint sets forth 296 separately numbered paragraphs. The complaint attaches 1,967 pages of exhibits.

The complaint includes 8 pages (and 34 paragraphs) that set forth allegations of prior, superseded complaints that are extraneous and have no bearing on the current dispute.

The complaint contains 33 pages (and 60 paragraphs) that set forth evidentiary-type allegations of "kitchen-sink" policy provisions, only some of which may be applicable to coverage.

For these reasons, the complaint fails to comply with the basic pleading requirements of the Federal Rules, which require a short and plain statement for relief.

## POINTS AND AUTHORITIES

I. **Plaintiffs' Entire Complaint Should Be Dismissed For Failure To Comply With The Minimum Pleading Requirements Of Fed. R. Civ. P. 8.**

Plaintiffs' complaint is a clear violation of Rule 8. Rule 8(a) of the Federal Rules of Civil Procedure states, in relevant part:

Page 2 – DEFENDANT H.D.'S MOTION TO DISMISS UNDER RULE 8

> "A pleading which sets forth a claim for relief … shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends … (2) *a short and plain statement of the claim showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks." (emphasis added).

Rule 8(e)(1) provides, in part: "Each averment of a pleading shall be simple, concise, and direct." A complaint which fails to comply with Rules 8(a) and 8(e) may be dismissed pursuant to Rule 41(b).

Plaintiffs' complaint in this case is a confusing jumble of allegations against seven named parties, including defendant H.D. While the complaint sets out six "counts," it is virtually impossible to know what is charged in each separate claim because each count "realleges" all previous paragraphs. The defendants, and this Court, are left to sift through the allegations and figure them out as best as possible. The Federal Rules require more from plaintiffs. The Rules require a simple and concise statement of each claim.

"Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Jacobson v. Schwartzenegger*, 226 F.R.D. 395, 397 (C.D. Cal. 2005) (*quoting Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (internal citations and quotations omitted)). Due to these considerations, courts require attorneys and litigants to comply with Rule 8's requirements by filing pleadings that are precise and clear. "[N]either the Court nor opposing counsel should be required to expend time and effort searching through large masses of conclusory, argumentative, evidentiary and other extraneous allegations in order to discover whether the essentials of claims asserted can be found in such a mélange." *Id* (*quoting Silver v. Queen's Hosp.*, 53 F.R.D. 223, 226-27 (D. Haw. 1971)).

The complaint filed by plaintiffs is 76 pages long, with over 1,967 pages of attached exhibits, and contains what appear to be 6 causes of action set out in 296 paragraphs. One can only wonder whether this document was drafted with the specific intent of overwhelming the Court and the

defendants.

Accordingly, defendant H.D. respectfully requests that the Court dismiss the complaint in its entirety as violative of Rule 8. *See e.g., Viacom, Inc. v. Harbridge Merchant Servs.*, 20 F.3d 771, 776 (7th Cir. 1994) (finding confusing and redundant 119-page complaint was an "egregious" violation of Rule 8); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (finding Rule 8 was violated where "confusing and conclusory" complaint and attached exhibits exceeded 70 pages in length).

## II. The Complaint Improperly Includes Dozens of Allegations From Prior Superseded Complaints

The drafters of the complaint appear to have overlooked controlling Oregon law regarding the effect of the operative complaint in a case. Under Oregon law, all prior complaints are deemed superseded. There is an abundance of authority to support this principle. ORCP 23; *Rodriguez by Rodriguez v. The Holland, Inc.*, 328 Or. 440, 445, 980 P.2d 672, 674 (1999) ("After an original pleading has been amended, it no longer has status as a pleading in the action. The amended pleading supersedes the previous pleading and becomes the operative pleading."); *Kowalski, v. Hereford L'Oasis*, 190 Or. App. 236, 243, 79 P.3d 319, 323 (2003) ("The original complaint in this action was superseded by the filing of the amended complaint."). *See Nat'l Union Fire Ins. Co. v. Starplex Corp.*, 220 Or. App. 560, 565 n.1, 188 P.3d 332, 336 (2008) ("In short, the duty to defend arises from, and persists only during the effective period of, a complaint containing allegations of conduct that is covered by the applicable insurance policy or indemnity agreement."); *W. Equities, Inc. v. St. Paul Fire & Marine Ins. Co.*, 184 Or. App. 368, 370 n.l, 56 P.3d 431, 432 (stating that the only complaint a court can consider is the operative complaint at the time the case was tendered to the insurance company).

In an instructive trial-level case, Judge Breithaupt recently ruled:

> Plaintiff argues that the Fourth Amended Complaint in the underlying action against defendant here should not be considered in determining its duty to defend. The court

notes that there is no question that the Fourth Amended Complaint was provided to plaintiff in the tender of defense by defendant in this proceeding.

Plaintiff argues that the court should go beyond the allegations in the Fourth Amended Complaint in determining the duty to defend. The court is of the opinion that no authoritative case law permits it to consider, or weigh the effect of, any prior complaint in the underlying action. The Fourth Amended Complaint is the operative complaint for purposes of this action.

Application of the rule on determining the duty to defend to the Fourth Amended Complaint results in a conclusion by the court that plaintiff has a duty to defend Mrs. Bowlin.

Accordingly, the motion of the plaintiff is denied and the motion of defendant Mrs. Bowlin is granted.

*Safeco Insurance Company of Oregon v. Furniss, et al,* Clackamas County Circuit Court Case No. 19CV42688. *See* Exhibit A.

## **CONCLUSION**

Plaintiffs' complaint, as written, will cause defendant H.D. to "spend a large amount of time and money defending against . . . a poorly drafted proceeding," and place an "immense burden" on defendant H.D. and this Court. It fails to meet the requirements of Rule 8 and should be dismissed.

Because the complaint fails to meet the pleading requirements set forth in Fed. R. Civ. P. 8, this court should grant H.D.'s motion to dismiss.

Respectfully submitted this 5th day of March, 2021.

| BONAPARTE & BONAPARTE, LLP | VOGT & LONG PC |
|---|---|
| /s/ Robert E.L. Bonaparte | /s/ Randall Vogt |
| Robert E.L. Bonaparte, OSB #883411 | Randall Vogt, OSB #773813 |
| E-mail: bob@bb-law.net | E-mail: randy@vogtlong.com |
| 620 SW Main Street, No. 310 | 1314 NW Irving Street, Suite 207 |
| Portland, OR 97205 | Portland, OR 97209 |
| Tel: 503-242-0005 | Telephone: 503-228-9858 |
| *Attorneys for Defendant H.D.* | *Attorneys for Defendant H.D.* |