IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OHIO SECURITY INSURANCE COMPANY,
et al.,

        Plaintiffs,

v.

SECON CONTRACTORS, INC., et al.,

        Defendants.
_____

Case No. 6:21-cr-16-MC

OPINION AND ORDER

MCSHANE, Judge:

Three insurance companies brought this action seeking declaratory relief that they owe no duty to defend or indemnify an insured in an underlying action brought by Defendant H.D. In the underlying action, H.D. brings sex abuse and other claims against the other Defendants here. Those Defendants include Michael Segoviano, along with five companies he owned and controlled. The complaint here is 76 pages, along with nearly 2,000 pages of exhibits. All Defendants other than H.D. filed their answers to the complaint. H.D. moves to dismiss, arguing the lengthy complaint fails to abide by rule 8's directive that a complaint shall contain a short and plain statement of the grounds and claims of relief. The Court disagrees. As noted by Plaintiffs here:

> The present declaratory judgment action arises from claims by six different defendants, under eleven different liability insurance policies, which were issued by three separate insurers, in connection with an underlying lawsuit filed by H.D. Notably, in the underlying lawsuit, H.D. has filed three complaints–an original complaint and two amendments–in which she has alleged that she was sexually abused by Defendant Michael Segoviano [], who she alleged was her "boss and supervisor" and *de facto* stepfather.

Resp. 2; ECF No. 31.

In the Ninth Circuit, "a dismissal for a violation under Rule 8(a)(2) [for failing to provide a short statement supporting the claim for relief], is usually confined to instances in which the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised." *Hearns v. San Bernadino Police Dept.*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillebeau v. City of Richmond*, 417 F.2d 426, 431-32 (9th Cir. 1969) (internal quotations omitted)). A district court may not dismiss a complaint under rule 8(a) "solely based on excessive length[.]" *Id.* Rule 8 dismissal is appropriate only when a complaint is "replete with redundancy and largely irrelevant" allegations or is "confusing and conclusory." *Id.* at 1132 (internal citations omitted).

Here, the Complaint is lengthy, but the underlying action involves three insurance companies and their policies covering five separate insureds through 11 different policies. Additionally, H.D.'s underlying action involves, to date, three different complaints.[1] The Court agrees with Plaintiffs that, "[b]ecause the eleven policies contain different language, and because the six SEGO Defendants have different relationships to the policies and one another, the Complaint must necessarily undertake the process of explaining the multiple reasons why each of the eleven individual policies do not afford coverage for each of the six individual parties." Resp. 7. As was the case in *Hearns*, "[t]he complaint is logically organized, divided into a description of the parties, a chronological factual background, and a presentation of enumerated legal claims, each of which lists the liable Defendants and legal basis therefor. . . . Here, the Defendants should have no difficulty in responding to the claims with an answer and/or with a Rule 12(b)(6) motion to dismiss." 530 F.3d at 1132. Indeed, the five Defendants here other than H.D. were neither confused nor unable to make out Plaintiffs' claims. Those Defendants already filed their answers (and did not even move for additional time to respond). *See* ECF No. 28.

---

[1] In a recent status report, the parties informed the Court that H.D.'s counsel "expects an amended pleading to be filed shortly in the underlying action addressed by this declaratory judgment action." ECF No. 33.

H.D. also argues the Complaint here improperly contains allegations outlining the first two complaints from H.D's underlying action for sexual abuse (and other claims) against Segoviano and his companies. H.D. argues that because she filed a second amended complaint in the underlying action, any mention here of the earlier complaints are irrelevant because "all prior complaints are deemed superseded" upon filing of the second amended complaint. H.D. Motion 4; ECF No. 28. The Court agrees with H.D. that in the underlying action, the second amended complaint is the "operative pleading" there. The Court disagrees, however, that the superseded complaints in the underlying action are irrelevant to Plaintiffs' claims here for declaratory relief.

None of the cases pointed to by H.D. suggest otherwise. As noted, the Court generally agrees with H.D.'s argument that the filing of an amended complaint necessarily makes that complaint the "operative complaint." But this is a different argument than one that all superseded complaints in an underlying action are irrelevant to a later action concerning a duty to defend the insured in the underlying action. Additionally, the only cases H.D. points to involving insurance disputes actually run counter to H.D.'s argument here.[2]

Although H.D. cites *W. Equities, Inc. v. St. Paul Fire & Marine Ins. Co.*, 184 Or. App. 368, 370 n.1 (2002), that case does not support the argument that courts review only the most recent "operative complaint" in later insurance coverage disputes. Instead, the court there noted that—although the parties argued the court could review all three complaints when determining the duty to defend—"at the time that Smith tendered the defense, only the first complaint had been filed. Therefore, the first complaint is the only one that we consider in determining whether defendant had a duty to defend plaintiffs." *Id.* (citing *Oregon Ins. Guaranty Assoc. v. Thompson*, 93 Or. App. 5, 10 (1988)). Here, although the insureds tendered the original complaint in the underlying case,

---

[2] The Court concludes the one-page opinion in the *Safeco Ins. Co of Oregon* case provided by H.D., which contains no citations of any kind to any caselaw in support, is neither persuasive nor binding.

H.D. now argues that because she filed two amended complaints in the underlying action, the insurer-Plaintiffs here are prohibited from including allegations from H.D.'s original complaint in their complaint here for declaratory relief.[3] But *W. Equities, Inc.* concludes otherwise.

Similarly, H.D. quotes a single sentence of *Nat'l Union Fire Ins. Co. v. Starplex Corp.*, 220 Or. App. 560, 565 n.1 (2008): "In short, the duty to defend arises from, and persists only during the effective period of, a complaint containing allegations of conduct that is covered by the applicable insurance policy or indemnity agreement." Motion 28. But H.D.'s quoted sentence only stands for the uncontested rule that a duty to defend may not arise in one complaint only to later arise based on new allegations in an amended complaint. This too, however, is different than an argument that superseded complaints in an underlying action are irrelevant to a determination of whether the insurer owed a duty to defend. After all, the two sentences immediately preceding H.D.'s quoted sentence note, "we understand that the duty to defend may arise from the allegations in an original complaint or, having not arisen in an original complaint, may later arise as a result of the filing of an amended complaint. Conversely, once such a duty has arisen, it may be extinguished by the filing of a subsequent amended complaint." *Nat'l Union Fire Ins. Co.*, 220 Or. App. at 565 n.1. Additionally, the court there noted that "[b]ecause duties to defend in [the underlying] litigation potentially arose from the allegations of any of those complaints, we describe each in turn." *Id.* at 565. Finally, the court noted:

> Thus, whether Starplex had a duty under its indemnity agreement with the Port to defend the Port against the Pierre plaintiffs' claims is a question of law *that we answer by comparing the indemnity agreement against the allegations in the Pieer plaintiffs' complaints. . . . We therefore consider the Pierre plaintiffs' original and three amended complaints to determine whether they state allegations covered by that provision.*"

*Id.* at 573 (emphasis added).

---

[3] In fact, the insureds here tendered all three of H.D.'s underlying complaints to the insurer-Plaintiffs here.

Contrary to H.D.'s argument, the allegations from H.D.'s original and amended complaint in the underlying case, along with those in the second amended complaint, are relevant to the determination here of whether Plaintiffs had a duty to defend the Segoviano Defendants in the underlying action. *Id.*

## CONCLUSION

Defendant H.D.'s Motion to Dismiss, ECF No. 28, is DENIED.

IT IS SO ORDERED.

DATED this 3rd day of May, 2021.

                                        **/s Michael McShane**
                                        Michael J. McShane
                                        United States District Judge